IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. _____

JEAN G. NYEMBO SHABANI.
KATSHELEWA MUGOGWA
Plaintiffs.

V.

JOHN POINDEXTER.
Defendant.

MAGISTRATE JUDGE
GARBER

## PLAINTIFFS' ORIGINAL COMPLAINT

### A. PARTIES

1. Plaintiffs G. NYEMBO SHABANI and KATSHELEWA MUGOGWA sue Defendant JOHN POINDEXTER and allege as follows:

### B. JURISDICTION AND VENUE

2. Plaintiffs JEAN G. NYEMBO SHABANI and KATSHELEWA MUGOGWA are individuals who are citizens and residents of the Democratic Republic of Congo (former Zaire) with a United States address at 4001 North Beltline Road # 228, Irving, Texas 75038.

3. Defendant JOHN POINDEXTER is an individual who is citizen and resident of the State of Florida. He may be served with process at 6911 NW 51 Street, Miami, Florida 33166.

4. The Court has jurisdiction over the lawsuit under 28 U.S.C. Section 1332 because the suit is between a citizen of a state and citizens of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### C. GENERAL ALLEGATIONS

5. By Mid-1996, Defendant made misrepresentations to Plaintiffs that Defendant was an accredited and knowledgeable dealer/seller of aircrafts in the United States of America, and that Defendant could serve as Plaintiffs' agent and secure the sale of Plaintiffs' only aircraft, one McDonnell DC-10-10, that Plaintiffs were using for farming needs in the Democratic Republic of Congo, at the highest price possible in the United States.

6. By September 1996, Plaintiffs induced by Defendant's misrepresentations, entered into an agreement under the laws of the Democratic Republic of Congo, with Defendant under the terms of which Defendant would use his expertise and his best efforts to sell the DC-10-10 aircraft, and defendant would receive as compensation for his expert services, 7% of the proceeds from the sale.

7. Plaintiffs were induced by the above misrepresentations, to relinquish to Defendant all documents in their possession establishing their ownership of the aircraft, and to give Defendant power of attorney to effect the sale.

8. Defendant who in fact was not an aircraft dealer and had neither expertise no experience in the sale of aircrafts, negotiated the sale of the aircraft for $1,433,761 under a sale contract which did not provide that the seller reserves the right of repossession of the aircraft if the entire price was not paid by the purchaser, as has always been the usage in the industry.

9. Defendant received from the purchaser AERO CONTROLS, a portion of proceeds of the sale, in amount of $520,000, and Defendant deliberately refused to turn over the monies to the owners of aircraft on behalf of whom he was acting.

## COUNT I
## DECLARATORY RELIEF

10. Plaintiffs G. NYEMBO SHABANI and KATSHELEWA reallege and incorporate as if fully set forth herein the allegations of paragraphs 1-9.

11. Plaintiffs maintain that Defendant's misrepresentations as to his expertise and accreditation induced Plaintiffs to enter into the agreement with Defendant.

12. Plaintiffs maintain that the agreement induced by such material misrepresentations by Defendant is void both under the laws of the Democratic Republic of Congo, and of the State of Florida.

WHEREFORE, PLAINTIFFS pray that this Court take jurisdiction of this cause and enter judgment declaring that:
    (1) The agreement induced by fraudulent misrepresentations is void; and
    (2) DEFENDANT owes to PLAINTIFFS in restitution the value of the aircraft in amount of $3,000,000.00, and
    (3) Such further legal and equitable relief as the Court deems just.

## COUNT II: IN THE ALTERNATIVE:
## BREACH OF CONTRACT

13. Plaintiffs G. NYEMBO SHABANI and KATSHELEWA reallege and incorporate as if fully set forth herein the allegations of paragraphs 1-9.

14. In the event this Court finds the agreement not voidable for reason of material misrepresentations made by Defendant, Plaintiffs pray this Court to find breach of contract by Defendant.

15. Plaintiffs maintain that Defendant breached the contract by (1) failing to use his best efforts to protect the interests of Plaintiffs, something that could have been achieved by any reasonable person by providing for a security interest in the agreement to secure payment of the entire price, and (2) violating his fiduciary duty of accounting owed to plaintiffs by failing to turn over to plaintiffs, the $520,000 received from the purchaser of the aircraft.

16. As a result of Defendant's breach of the contract, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs pray that this Court take jurisdiction of this cause and enter judgment as follows:
(1) $520,000 for monies received on behalf of Plaintiffs;
(2) $750,000 for the unpaid portion of the aircraft price, damages caused by Defendant's failure to perform his fiduciary duties;
(3) Compensatory damages in an amount to be proved at trial;
(4) Prejudgment interest and costs; and
(5) Such further legal and equitable relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request trial by jury on all issues so triable by right.

By: _____
JEAN G. NYEMBO SHABANI
4001 N. Beltline Road Apt. 228
Irving, Texas 75038
Phone: 972 255-1451

By: _____
KAISHELEWA MUGOGWA
4001 N. Beltline Road Apt. 228
Irving, Texas 75038
Phone: 972 255-1451

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
JEAN G. NYEMBO SHABANI
KATSHELEWA MUGOGWA
4001 N BELTLINE RD APT 228, IRVING, TX 75038
PHONE 972 255-1451

**DEFENDANTS**
JOHN POINDEXTER

MAGISTRATE
GARBER

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** KINSHASA/CONGO
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** DADE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(C) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
A. Dade 01CV833/Highsmith/Garber

**ATTORNEYS (IF KNOWN)**

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** (DADE), MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☒ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** |  | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | **A LABOR** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | **PERSONAL INJURY** | ☐ 380 Other Personal Property Damage | **B SOCIAL SECURITY** | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | ☐ 362 Personal Injury Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 861 HIA (1395ff) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 365 Personal Injury Product Liability | **A CIVIL RIGHTS** | ☐ 862 Black Lung (923) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 441 Voting | ☐ 863 DIWC/DIWW (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment |  | ☐ 442 Employment | ☐ 864 SSID Title XVI | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land |  | ☐ 443 Housing/Accommodations | ☐ 865 RSI (405(g)) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability |  | ☐ 444 Welfare | **FEDERAL TAX SUITS** | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  | ☐ 440 Other Civil Rights | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | A OR B |
|  |  | **PRISONER PETITIONS** | ☐ 871 IRS Third Party 26 USC 7609 |  |
|  |  | ☐ 510 Motions to Vacate Sentence **HABEAS CORPUS:** ☐ 530 General ☐ 535 Death Penalty ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition | ☐ 730 Labor/Mgmt Reporting & Disclosure Act ☐ 740 Railway Labor Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act |  |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
FLORIDA LAW OF CONTRACTS: DEFENDANT BREACHED HIS DUTY OF ACCOUNTING BY REFUSING TO TURN OVER MONIES RECEIVED ON BEHALF OF PRINCIPALS, PLAINTIFFS

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

**DEMAND $** 3,000,000.00

CHECK YES only if demanded in complaint
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions).
JUDGE
DOCKET NUMBER 00-2304 CIV-LENARD

DATE
SIGNATURE OF ATTORNEY OF RECORD
NIS000 55)462

FOR OFFICE USE ONLY
RECEIPT # ___ AMOUNT ___